815 F.2d 706
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas McArthur YATES, Defendant-Appellant.
 No. 85-5722.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1987.
 
 Before KENNEDY, JONES and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Douglas McArthur Yates appeals the district court's denial of his 28 U.S.C. Sec. 2255 (1982) motion. We affirm.
 
 
 2
 Yates and Jimmy Roberts were arrested and charged with forging the endorsement of the payee on a social security check in violation of 18 U.S.C. Sec. 495 (1982). On September 10, 1979, both Yates and Roberts sought to enter guilty pleas to different counts of the same indictment. The court accepted Roberts' plea, but Yates' plea was not accepted and he was brought to trial. Roberts testified against Yates at trial and stated that Yates was fully aware that the woman from whom the check had been stolen had not endorsed it. The owner of the store where Yates cashed the check testified that Yates told him that the owner of the check was in a car outside but was unable to come into the store. According to the store owner, when he informed Yates that the check could not be cashed unless it had first been endorsed by the payee, Yates left the store and returned shortly thereafter with the check supposedly signed by the payee. The payee also testified and stated that she had not given the check to either Yates or Roberts and had not authorized anyone to cash it for her. The jury returned a guilty verdict against Yates.[1]
 
 
 3
 Following his conviction, Yates made a direct appeal to this court, raising several claims of error. This court affirmed the conviction. United States v. Yates, 627 F.2d 1094 (6th Cir.), cert. denied, 449 U.S. 923 (1980).
 
 
 4
 On October 22, 1981, Yates filed his first 28 U.S.C. Sec. 2255 motion to vacate his sentence. He asserted that his sentence should be vacated on several grounds. He argued that he was denied a fair trial because the prosecution had knowingly used perjured testimony to convict him, that he had been subjected to double jeopardy, that the prosecution had failed to disclose evidence favorable to him, and that the trial judge erred in forcing the jury to return a verdict after the jury allegedly reported that it was hopelessly deadlocked. The district court denied this motion and its decision was affirmed by this court on November 30, 1983.
 
 
 5
 Yates filed a second motion to vacate his sentence on January 7, 1985. He again claimed that perjured testimony was used to convict him, that his conviction was obtained by double jeopardy, and that the prosecution had failed to disclose the existence of an alleged deal made with his codefendant, Jimmy Roberts, to obtain Roberts' testimony. The motion was assigned to a magistrate who, after consideration, recommended that it be dismissed. On June 19, 1985, the district court adopted the magistrate's report and entered an order dismissing Yates' motion. Yates appeals from this judgment.
 
 
 6
 Yates seeks to have his sentence vacated based upon his claim that the government failed to disclose to his defense counsel and the jury the fact that a plea agreement had been made between the government and Jimmy Roberts. Yates contends that the government and Roberts entered into a secret deal whereby Roberts would plead guilty to only one count in his indictment in return for his testimony at Yates' trial. Yates, however, fails to prove the existence of such a secret agreement. The record does reflect an unremarkable plea agreement pursuant to which Roberts pled guilty to one of the five counts of the indictment and the government moved to dismiss the remaining four. Yates has produced no evidence, either direct or indirect, that undisclosed promises of leniency were made to Roberts in exchange for his testimony. In fact, the only evidence produced by Yates, a letter from Roberts to him, undermines this position. In the letter, Roberts states that no direct promises were made to him by the government. Therefore, Yates' attempt to have his sentence vacated on this ground must fail.
 
 
 7
 Yates also asserts that he was denied effective assistance of counsel because his trial counsel failed to inquire about any undisclosed plea agreements between the government and Roberts, failed to adequately cross-examine Roberts, and failed to request proper jury instructions. Under the standards of Strickland v. Washington, 466 U.S. 668 (1984), a defendant raising an ineffective assistance of counsel claim must "first, ... show that counsel's performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defense." Id. at 687. Prejudice is defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 8
 Assuming arguendo that counsel was deficient in this regard, Yates has failed to show prejudice flowing from these errors. The evidence against him, including the testimony of three witnesses, clearly established his guilt. Therefore, it is extremely unlikely that the result of the trial would have been different had Yates' counsel done all the things Yates alleges he failed to do.
 
 
 9
 Therefore, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The indictment against Yates alleged that he had forged the endorsement of the payee on two checks. However, he was found guilty of forging the endorsement on only one of the checks